1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  LAUREL BEELER (CSBN 187692)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
      Telephone: (415) 436-6765
7     FAX: (415) 436-7234
      Email: laurel.beeler@usdoj.gov
8
   Attorneys for the United States
9

10                       UNITED STATES DISTRICT COURT

11                      NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13 | UNITED STATES OF AMERICA,        )   No.: CR 3 08 70820 JL
                                      )
14 |     Plaintiff,                   )
                                      )
15 |     v.                           )   STIPULATION AND ORDER (Proposed)
                                      )
16 | ROGELIO SANCHEZ,                 )
                                      )
17 |     Defendant.                   )
                                      )
18 |_____ )

19     With the agreement of the parties in open court on December 16, 2008, the Court set the case

20  for further status on _January 7, 2009_ and excluded time from December 16, 2008, to

21  _January 7, 2009_ under the Speedy Trial Act. Specifically, the Court found and held

22  as follows: or

23     1. Following his self-surrender, the defendant made his initial appearance on December 2,

24  2008, was arraigned on an indictment pending against him in the District of Nevada, case number

25  CR 08-0063-BES-VPC, and was advised of his rights under Federal Rules of Criminal Procedure

26  5 and 20. The Nevada case charges him with making a false statement in an application for a

27  passport, aggravated identity theft, and unlawful production of an identification document in

28  violation of 18 U.S.C. §§ 1542, 1028A, and 1028(a)(1).

STIPULATION AND ORDER (CR 3 08 70820 JL)

2. At the initial appearance, the defendant waived his detention hearing without prejudice because a warrant is pending against him in Sonoma County. Accordingly, the Court detained him. The warrant is still pending, and defense counsel is working to resolve it. Because the defendant would not receive any federal credit for time served in state custody, the defendant continues to waive his detention hearing and will set the matter on calendar for further detention proceedings once his state warrant is resolved.

3. At the initial appearance on December 2, 2008, defense counsel asked for the matter to be set on calendar for status on December 16, 2008. As grounds for the continuance, defense counsel stated that he was exploring the possibility of a Rule 20 transfer, needed to address the Sonoma warrant, needed to obtain and review discovery from Nevada, and needed the time to address these issues consistent with his obligations in other cases. Accordingly, the Court excluded time from December 2, 2008, to December 16, 2008, finding that a failure to grant a continuance would unreasonably deny the defendant continuity of counsel and would deny defense counsel the reasonable time for effective preparation, taking into account the exercise of due diligence. The Court also found that the ends of justice served by the continuance outweighed the best interests of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

4. Since the last appearance, defense counsel has been working to address the Sonoma warrant, has advised the Government that he contemplates a Rule 20 transfer here, and is in the process of obtaining and reviewing the discovery from Nevada. He asked for an additional continuance until _January 7, 2009_ to address these issues and also cites as an additional ground his unavailability due to previously-scheduled commitments. Accordingly, and with the agreement of the parties, the Court excluded time from December 16, 2008, to _January 7, 2009_ finding that a failure to grant a continuance would unreasonably deny the defendant continuity of counsel and would deny defense counsel the reasonable time for effective preparation, taking into account the exercise of due diligence. The Court also found that the ends of justice served by the continuance outweighed the best interests of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv). The Court now enters

1 | this order documenting that exclusion.
2 | IT IS SO ORDERED.
3 | DATED: 12/17/08

EDWARD M. CHEN
United States Magistrate Judge

4 | STIPULATED:
5 | DATED: 12/16/08

/s
CHRISTOPER CANNON
Attorney for Rogelio Sanchez

8 | DATED:

/s
LAUREL BEELER
Assistant United States Attorney

STIPULATION AND ORDER (CR 3 08 70820 JL)     3